**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HOLLY LYNN GEBHARDT,  :  | |
| : | CIVIL ACTION NO. 07-2312 (MLC) |
| Plaintiff,  : | |
| : | **MEMORANDUM OPINION** |
| v.  : | |
| : | |
| BOROUGH OF ISLAND HEIGHTS,  : | |
| et al.,  : | |
| : | |
| Defendants.  : | |

**COOPER, District Judge**

The plaintiff, Holly Lynn Gebhardt, originally brought this action on May 16, 2007.  (Dkt. entry no. 1, Compl.)  Six months later, the Court ordered the plaintiff to show cause why the Complaint should not be dismissed for, inter alia, failure to comply with Federal Rule of Civil Procedure ("Rule") 4(m).  (Dkt. entry no. 2, 11-19-07 Order.)  The plaintiff failed to respond to the Court's Order to Show Cause.  (Dkt. entry no. 3, 12-7-07 Mem. Op. at 2.)  As such, the Court dismissed the Complaint pursuant to Rule 4(m).  (Dkt. entry no. 4, 12-7-07 Order.)[1]  The plaintiff now moves to vacate the dismissal of the Complaint and to extend time for service.  (Dkt. entry no. 5, Mot. to Vacate.)  The Court determines the motion on the briefs without an oral hearing,

---

[1] The Court issued the Order to Show Cause, as required, and prudently waited one additional day beyond the plaintiff's deadline to respond.  See Liu v. Oriental Buffet, 134 Fed.Appx. 544, 547 (3d Cir. 2005).

pursuant to Rule 78(b).  For the reasons stated herein, the Court will deny the motion to vacate the dismissal and extend time for service.

## BACKGROUND

The plaintiff brought this action against the defendants in May of 2007 alleging violations of her constitutional rights, assault and battery, false arrest, false imprisonment, negligent hiring and supervision, and intentional infliction of emotional distress.  (Compl. at 7-13.)  The plaintiff failed to serve the summons and complaint on the defendants, or otherwise take any proceedings, within 120 days as required by Rule 4(m).  (11-19-07 Order.)

The plaintiff's counsel, Robert Tarver, asserts that his failure to serve the defendants and take proceedings on the action was due to his illness in July 2007.  (Dkt. entry no. 5, Pl. Br. at 1-2.)  Tarver claims that he began medical treatment in September 2007 that prohibited him from working for long periods of time.  (Dkt. entry no. 5, Tarver Cert. at 2.)  Tarver states that during this time period, he took steps to forward his current cases to other attorneys and made various judges aware that his illness might necessitate accommodation on some matters. (Id.)  Tarver asserts that he contacted attorney Thomas Mallon regarding the matter at hand, and he agreed to forward the case to Mallon.  (Id.)  Mallon confirmed that such conversation

occurred.  (Id., Ex. A, Mallon Letter.)  Despite this agreement with Mallon and taking preliminary steps to forward the case, Tarver did not send the file to Mallon.  (Tarver Cert. at 2.)

Tarver stopped working on November 7, 2007, and did not return to his office until January of 2008.  (Id.)  The Court issued the Order to Show Cause on November 19, 2007.  (11-19-07 Order.)  Tarver asserts that he did not receive the Order to Show Cause.  (Tarver Cert. at 2.)[2]  Tarver asserts that he did not inquire further into the matter after November 2007 because he believed the case had been forwarded to Mallon.  (Id. at 2.)  Tarver states that he did not learn of the action's dismissal until 2009.  (Pl. Br. at 4.)  Tarver, on behalf of the plaintiff, now moves to vacate the dismissal and extend the time for service.  (Mot. to Vacate.)

**DISCUSSION**

**I.   Legal Standard for a Motion for Relief under Rule 60(b)**

Rule 60(b) provides relief from final judgments and orders under certain circumstances.  Fed.R.Civ.P. 60(b).  The Court may, in its discretion, provide relief from a final judgment for the following reasons:

---

[2] The Court notes that this assertion is hollow.  The Order to Show Cause was electronically filed when it was issued. Gerhart v. Pennsylvania, No. 09-1145, 2009 WL 2581715, at *1 n.1 (E.D. Pa. Aug. 13, 2009); see also Sykes v. Blockbuster Video, 205 Fed.Appx. 961, 963 (3d Cir. 2006) (rejecting plaintiff's claim that he did not receive a court order as there is an obligation to comply with the Rule governing service).

>(1) mistake, inadvertence, surprise, or excusable neglect;
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief.

Id.  The movant carries a heavy burden in seeking relief under this rule.  Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991).

When moving for relief pursuant to Rule 60, the movant must comply with the time limitations of subsection (c).  Fed.R.Civ.P. 60(c).  If seeking relief based on the grounds in subsections (1)-(3), a movant must move within one year of the "entry of the judgment or order or date of the proceeding."  Id.  If the movant seeks relief pursuant to subsections (4)-(6), then the motion must be made within a "reasonable time."  Id.  What constitutes reasonable time is determined on an individualized case-by-case basis.  Biggins v. Snyder, No. 99-112, 2008 WL 4219570, at *1 (D. Del. Sept. 15, 2008).

Rule 60(b)(6), which is not barred by the one year time limit, is a catchall provision providing discretionary relief for any reason justifying such relief.  Fed.R.Civ.P. 60(b)(6).  The Third Circuit Court of Appeals has noted that relief under subsection (b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  Coltec Indus. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (citation

omitted). The movant bears the burden of demonstrating "that absent such relief, an 'extreme' and 'unexpected' hardship will result." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 978 (3d. Cir. 1978).

**II. Application of the Legal Standard to the Plaintiff's Motion**

The plaintiff's counsel designates his motion as a "motion to vacate the dismissal and extend term for service." (Mot. to Vacate.) He fails to invoke Rule 60 as grounds for his motion, but because the Court deems this to be a Rule 60 motion, it will engage in Rule 60 analysis.

Tarver argues that the Court should vacate the dismissal because his conduct resulting in failure to serve the defendants and failure to prosecute amounted to excusable neglect. (Pl. Br. at 3.) While excusable neglect can provide a basis for relief pursuant to Rule 60(b)(1), motions under this subsection must be made within one year of the judgment or order. Fed.R.Civ.P. 60(c). The dismissal was entered December 7, 2007. (12-7-07 Order.) The motion to vacate the dismissal was not filed until July 28, 2009. (Mot. to Vacate.) The plaintiff thereby missed the one year filing deadline, and as such there is no relief pursuant to Rule 60(b)(1).

Because the plaintiff missed the one year filing deadline mandated by Rule 60(b)(1), the only remaining avenue for relief falls under Rule 60(b)(6). Rule 60(b)(6) relief is awarded in

cases involving extraordinary or exceptional circumstances. Coltec, 280 F.3d at 273. It is well noted, however, that movants may not take shield under Rule 60(b)(6) in order to circumvent the one year filing deadline of Rule 60(b)(1). Howard Johnson Int'l v. Cupola Enter., No. 01-1205, 2006 WL 625210, at *1 (D.N.J. Mar. 10, 2006); Scott v. Tully, No. 02-00805, 2005 WL 1244972, at *4 (M.D. Pa. May 3, 2005). That is, subsections (b)(1) and(b)(6) are mutually exclusive. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). "A party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." Scott, 2005 WL 1244972, at *4. A party may only resort to subsection (6) if the party was faultless for the delay; if the party bears responsibility for the delay, the movant is limited to relief under subsection (1). Id.

Tarver asserts that the delay in service and the failure to prosecute were both due to excusable neglect. (Pl. Br. at 3.) Thus, his argument is a claim for relief under Rule 60(b)(1). As such, it is time-barred. Further, because Tarver himself asserts his neglect as the reason for delay, the plaintiff is barred from relief under Rule 60(b)(6) as well.

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will deny the motion.  The Court will issue an appropriate order.

   s/Mary L. Cooper   
**MARY L. COOPER**
United States District Judge

Dated:    October 7, 2009